UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Frankfort)

| | | |
|---|---|---|
| DIANA M. RODRIGUEZ, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 3: 12-62-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| CAROLYN W. COLVIN, | ) | **MEMORANDUM OPINION** |
| Acting Commissioner of Social Security, | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of cross-motions for summary judgment filed by Plaintiff Diana Marie Rodriguez ("Rodriguez" or "the Claimant") and Defendant Carolyn W. Colvin, Acting Commissioner of Social Security ("the Commissioner").[1] [Record Nos. 10, 11] Rodriguez argues that the Administrative Law Judge ("ALJ") erred in concluding that she is not disabled. She seeks reversal of the ALJ's decision and an award of benefits. The Commissioner, however, contends that the ALJ's decision is proper and should be affirmed.

Because substantial evidence supports the administrative decision that Rodriguez was not disabled and because Rodriguez's arguments are without merit, the Court will grant the Commissioner's motion for summary judgment and deny the relief sought by Rodriguez.

---

1   Carolyn W. Colvin is substituted as the defendant in this action. *See* Fed. R. Civ. P. 25(d).

**I.**

Rodriguez filed an application for Supplemental Security Income ("SSI") on September 23, 2008, alleging disability beginning October 1, 2007. [Tr., pp. 166-68] Her application was denied initially and upon reconsideration. [Tr., p. 21] Rodriguez appeared and testified at an administrative hearing held on April 5, 2011, in Frankfort, Kentucky, before ALJ Sheila Lowther. [*Id.*] Trevor A. Smith, Rodriguez's attorney, and vocational expert ("VE") Tina Stambaugh was also present at the hearing. [*Id.*] ALJ Lowther issued a decision on April 11, 2011, finding that Rodriguez is not disabled under the framework of section 204.00 of the Social Security Act and, therefore, is not entitled to benefits. [Tr, pp. 21-28]

Rodriguez was twenty-nine years old at the time of the ALJ's decision. [Tr., pp. 27, 166] She has a limited education, having completed eighth grade, and prior work experience as a nursing assistant, housekeeper, and deli worker. [Tr., pp. 29, 40, 76, 182-86, 215, 218] Her alleged disability results from anxiety and panic attacks. [Tr., pp. 44-45, 214]

After reviewing the record and the testimony presented during the administrative hearing, the ALJ concluded that Rodriguez suffers from the severe impairment of panic disorder. [Tr., p. 23] Notwithstanding this impairment, ALJ Lowther found that Rodriguez retains the residual functional capacity ("RFC") to perform a full range of work at all exertional levels. [Tr., pp. 25-26] However, she made the following findings regarding the Claimant's nonexertional limitations: "[Rodriguez] is restricted to simple repetitive tasks in low stress environment[s] in a non public setting, *i.e.*, no fast paced work or production quotas. The claimant can interact appropriately with co-workers and supervisors." [Tr., p. 25]

Based on the vocational expert's testimony, the ALJ found that Rodriguez could not perform past relevant work. However, in considering the Claimant's age, education, work experience and RFC, she found that Rodriguez could perform other jobs in the national economy, such as a laundry worker and inspector/sorter. [Tr., pp. 26-28] After determining that Rodriguez could perform other work existing in significant numbers, the ALJ concluded that she was not disabled. As a result of the ALJ's assessment, Rodriguez was denied SSI benefits. [Tr., p. 28]

## II.

Under the Social Security Act, a "disability" is defined as "the inability to engage in 'substantial gainful activity' because of a medically determinable physical or mental impairment of at least one year's expected duration." *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 539 (6th Cir. 2007). A claimant's Social Security disability determination is made by an ALJ in accordance with "a five-step 'sequential evaluation process.'" *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 642 (6th Cir. 2006) (en banc) (quoting 20 C.F.R. § 404.1520(a)(4)). If the claimant satisfies the first four steps of the process, the burden shifts to the Commissioner with respect to the fifth step. *See Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003).

First, the claimant must demonstrate that she is not engaged in substantial gainful employment at the time of the disability application. 20 C.F.R. § 416.920(b). Second, the claimant must show that she suffers from a severe impairment or combination of impairments. 20 C.F.R. § 416.920(c). Third, if the claimant is not engaged in substantial gainful employment and has a severe impairment which is expected to last for at least twelve months and which meets

or equals a listed impairment, she will be considered disabled without regard to age, education, and work experience. 20 C.F.R. § 416.920(d). Fourth, if the Commissioner cannot make a determination of disability based on medical evaluations and current work activity and the claimant has a severe impairment, the Commissioner will then review the claimant's RFC and relevant past work to determine whether she can perform her past work. If she can, she is not disabled. 20 C.F.R. § 416.920(f).

Under the fifth step of the analysis, if the claimant's impairment prevents her from doing past work, the Commissioner will consider her RFC, age, education, and past work experience to determine whether she can perform other work. If she cannot perform other work, the Commissioner will find the claimant disabled. 20 C.F.R. § 416.920(g). The Commissioner has the burden of proof only on "the fifth step, proving that there is work available in the economy that the claimant can perform." *White v. Comm'r of Soc. Sec.*, 312 F. App'x 779, 785 (6th Cir. 2009) (quoting *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391 (6th Cir. 1999)).

Judicial review of the denial of a claim for Social Security benefits is limited to determining whether the ALJ's findings are supported by substantial evidence and whether the correct legal standards were applied. *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). The substantial-evidence standard presupposes that there is a zone of choice within which decision makers can go either way, without interference from the court. *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006). Substantial evidence is such relevant evidence as a reasonable mind might accept as sufficient to support the conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007).

If supported by substantial evidence, the Commissioner's decision must be affirmed even if the Court would decide the case differently and even if a claimant's position is also supported by substantial evidence. *Smith v. Comm'r of Soc. Sec.*, 482 F.3d 873, 876 (6th Cir. 2007); *Colvin v. Barnhart,* 475 F.3d 727, 730 (6th Cir. 2007); *Longworth v. Comm'r of Soc. Sec. Admin.*, 402 F.3d 591, 595 (6th Cir. 2005); *Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993). Thus, the Commissioner's findings are conclusive if they are supported by substantial evidence. 42 U.S.C. § 405(g).

### III.

Rodriguez contends that the Commissioner erred because: (1) the ALJ did not properly weigh the opinion of her treating and examining doctors; (2) the ALJ's decision does not provide an adequate factual and legal explanation of her decision; and (3) the ALJ erred by not following the evaluation process defined under 20 C.F.R. § 416.920a and Social Security Ruling ("SSR") 85-15.

    **A.**    **Substantial Evidence Supports the Weight Given to the Medical Opinions.[2]**

Rodriguez contends that the ALJ failed to properly evaluate the opinions of treating physician Dr. Varanise Booker, M.D., and consultative examiner Dr. Paul Ebben, Psy.D. Specifically, Rodriguez asserts that the ALJ did not provide "reasons and bases for rejecting critical functional determinations" reached by each doctor concerning her ability to handle stress in the workplace. [Record No. 10-1, p. 3] The Claimant argues that it is her inability to respond to pressures normally found in a daily work setting which render her disabled, and that the ALJ's

---

[2] Since the first two issues Rodriguez identifies require substantially the same analysis, they will be reviewed together.

determination provides "no explanation" of how the ALJ's decision relates to her inability to tolerate stress in the workplace during a five-day, eight-hour work week. [*Id.*, pp. 3-4] Rather, the Claimant argues that the ALJ only selectively chose among the findings of the doctors that "suit[ed] her rationale." [*Id.*, p. 4]

The Claimant's contention that the ALJ did not consider Drs. Booker and Ebben's opinions regarding her ability to handle workplace stress is without merit. In fact, the ALJ limited Rodriguez to a "low stress" environment in her RFC assessment. And to the extent that the ALJ rejected the findings of Drs. Booker and Ebben, that determination is supported by substantial evidence of the record.

### 1. Dr. Varanise Booker, M.D.

Rodriguez has been under the consistent care of her treating psychiatrist Dr. Booker since April 2008. On April 8, 2009, Dr. Booker issued a medical source statement concerning Rodriguez's mental ability to handle stress. Dr. Booker opined that the Claimant had a "fair" (*i.e.*, the individual can perform the activity satisfactorily some of the time) to "poor"( *i.e.*, no useful ability to function) ability to respond to work pressures. [Tr., pp. 343-44]

Generally, a treating source's medical opinion will be given controlling weight if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence" in the claimant's record. 20 C.F.R. § 416.927(c)(2); *see also Walker v. Sec'y of Health & Human Servs.*, 980 F.2d 1066, 1070 (6th Cir. 1992). The failure to give the treating source's opinion controlling weight does not necessarily mean that the opinion should be rejected. Rather, the ALJ must determine what

weight to give to medical opinion by considering the following factors: (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship; (3) the supportability of the opinion; (4) the consistency of the opinion with regard to the record as a whole; (5) whether the treating source is a specialist in the area of his or her opinion; and (6) any other factors which tend to support or contradict the opinion. 20 C.F.R. § 416.927(c)(2)-(6). The ALJ must always give "good reasons" for accepting or rejecting a medical opinion. 20 C.F.R. § 416.927(c)(2); *see also Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004).

Moreover, an "ALJ 'is not bound by conclusory statements of doctors, particularly where they are unsupported by detailed objective criteria and documentation.'" *Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 509 (6th Cir. 2006) (per curiam) (quoting *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001)); *see also White v. Comm'r of Soc. Sec.*, 572 F.3d 272, 286 (6th Cir. 2009) ("Conclusory statements from physicians are properly discounted by ALJs."). The regulations also provide that a physician's opinion regarding whether a claimant is disabled or unable to work will be given no "special significance." 20 C.F.R. § 416.927(d)(1), (3).

Rodriguez's assertions that the ALJ did not properly evaluate the opinions of Dr. Booker — specifically those related to Rodriguez's ability to handle stress — and that the ALJ's decision is not supported by substantial evidence is without merit. ALJ Lowther specifically discussed Dr. Booker's findings throughout her decision. However, the ALJ found Dr. Booker's assessment to be inconsistent with, and contradicted by, other medical and non-medical evidence of record, and opined that the assessment appeared to "be based solely on subjective complaints."

[Tr., p. 26] The ALJ made a specific finding rejecting the limitations assessment of Dr. Booker. This includes a determination concerning the Claimant's inability to handle workplace stress. In short, ALJ Lowther found that Dr. Booker's limitation assessment was not consistent with the substantial evidence of record which she determined to support a finding that Rodriguez was not disabled. *See* 20 C.F.R. § 416.927(d); *see also Francis v. Comm'r SSA*, 414 F. App'x 802, 804-05 (6th Cir. 2011) (noting that the regulations "expressly require only that the ALJ's decision include good reasons for the weight given to the treating source's opinion — not an exhaustive factor-by-factor analysis." (internal quotation marks omitted)); *Smith*, 482 F.3d at 877 (holding that an ALJ's decision to not give a treating source's opinion controlling weight where he found it to be "inconsistent with the overall evidence of the record" was "a factual determination within [the ALJ's] discretion").

Next, Rodriguez is incorrect in contending that the ALJ's discussion and analysis of her condition lacks any mention of stress. The ALJ made specific findings that Rodriguez lives with and cares for her disabled twelve-year old son, and that she is able to drive, in addition to taking care of household chores, paying bills, going shopping, and making phone calls. [Tr., pp. 26, 57-60, 193, 197, 199, 201-02, 226, 282] As the Commissioner correctly notes, while these activities are not identical to workplace stress, each demonstrates an ability to handle some degree of stress. [Record No. 11, p. 7] This is contrary to the opinions of Dr. Booker and Dr. Ebben regarding Rodriguez's ability to handle stress. [Tr., pp. 286, 343] Moreover, despite Rodriguez's arguments, the Sixth Circuit has affirmed findings in similar situations, holding that similarly-reported daily activities can constitute substantial evidence in support of an ALJ's

decision denying benefits. *See Tyra v. Sec'y of Health & Human Servs.*, 896 F.2d 1024, 1030 (6th Cir. 1990) (upholding ALJ's finding of a lack of disability where daily activities included driving, watching television, shopping, doing yard work, socializing, and visiting relatives).

ALJ Lowther also discussed other evidence which demonstrates that the Claimant was able to handle criticism, accept instructions, and get along well with authority figures. [Tr., p. 26] While the Claimant indicated that she was unable to handle stress, she stated that she can pay attention "all the time," follow written instructions "very well," and follow spoken instructions "really well," and is able to finish tasks which she starts. [Tr., pp. 201-02, 231-32] Each of these findings implicates the usual pressures of a working environment and demonstrates that Dr. Booker's opinions and conclusions are inconsistent with other non-medical evidence of record.

ALJ Lowther also rejected Dr. Booker's limitation assessment of the Claimant, finding it to be solely based on subjective complaints. [Tr., p. 26] Indeed, a review of Dr. Booker's treatment notes demonstrates that her findings are not supported by her own records. Dr. Booker's treatment notes describe the Claimant as being anxious or hyper; however, they also indicate that she is coherent, that her thought process is intact, and that her judgment is fair. [Tr., pp. 400-43, 525-43] These notes also indicate that Rodriguez's condition is stable with the medication prescribed by Dr. Booker, and indicate that she should continue with the current pharmacological treatment. Dr. Booker's treatment notes also indicate that the Claimant receives relief from the medication. [*See, e.g.,* Tr., pp. 400, 410, 414, 418, 424.] In fact, only one of Dr. Booker's treatment notes actually states that Rodriguez suffers from daily panic attacks. This

treatment note (dated December 15, 2010) states that the Claimant's medication dosage was increased in response to this condition. [Tr., pp. 529-30] However, notwithstanding this note, Dr. Booker's remaining notes do not indicate other instances of Rodriguez suffering from panic attacks — thus, supporting the ALJ's contention that Dr. Booker's opinion was based on Rodriguez's subjective complaints.

Additionally, the record contains substantial evidence which supports ALJ Lowther's findings that Dr. Booker's limitations assessment was inconsistent with other medical evidence. For instance, on February 18, 2011, Lisa A. Nicholson, a licensed clinical counselor, administered an initial psychological assessment of Rodriguez. [Tr., pp. 547-49] Nicholson's notes indicate that the Claimant's anxiety and stress are due to issues with her son, fears of being alone, and her medical condition. [Tr., p. 547] Rodriguez represented to Nicholson that her medication helps with her mood swings, anxiety, and panic attacks. [Tr., p. 548] She also stated that she does not have a fear of having a panic attack when she is out, but that she feels her son needs her at home. [Tr., p. 547] Nicholson also found that Rodriguez was alert and oriented, had good eye contact, was focused, cooperative and relaxed, that her insight and judgment was good, and that her thought process was logical and organized. [Tr., pp. 550-51]

ALJ Lowther's findings are also supported by those of state agency consultants Dr. Edward Stodola, Ph.D., and Dr. Ilze Sillers, Ph.D., who reviewed the Claimant's records in December 2008 and June 2009, respectively. [Tr., pp. 288-305, 357-74] State agency consultants are considered experts in the Social Security disability programs and their opinions may be entitled to great weight if they are supported by the evidence of the record. *See* 20

C.F.R. § 416.927(f)(2); SSR 96-6p, 1996 WL 374180 (July 2, 1996). Both Drs. Stodola and Sillers rated Rodriguez's functional limitations as "mild" regarding restrictions of activities of daily living, and as "moderate" concerning difficulties in maintaining social functioning, and maintaining concentration, persistence, or pace. [Tr., pp. 298, 367] Additionally, they found that Rodriguez did not suffer from episodes of decompensation. [*Id.*] These findings are consistent with ALJ Lowther's findings. [Tr., p. 24]

Dr. Sillers and Dr. Stodola also found Rodriguez's ability to respond appropriately to changes in the work setting as being moderately limited and concluded that she was not significantly limited in her ability to get along with coworkers without exhibiting behavioral extremes. They also found no significant limitation in the Claimant's ability to ask simple questions or request assistance, accept instructions and respond appropriately to criticism from supervisors, or to maintain socially appropriate behavior. [Tr., pp. 303, 372] Both doctors opined that Rodriguez was able to remember, understand, and carry out short and simple as well as detailed instructions, and was able to maintain a schedule and make simple work-related decisions. [Tr., pp. 302, 371] And they concluded that Rodriguez's ability to complete a normal workday and workweek without interruptions from psychologically-based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods was only moderately limited. [Tr., pp. 303, 372] Each of these findings supports ALJ Lowther's RFC assessment and subsequent rejection of Dr. Booker's limitation assessment. Indeed, they directly conflict with the Claimant's argument that it is "uncontradicted" and "uncontested" that Rodriguez cannot tolerate the stress of a workplace, thus rendering her incapable of doing "all

work." [Record No. 10-1, pp. 5, 7] Contrary to Rodriguez's contentions, ALJ Lowther did provide specific, good reasons why she rejected the findings of Dr. Booker. These findings satisfy the procedural requirements of the regulations. *See Wilson*, 378 F.3d at 544.

Moreover, as outlined above, substantial evidence supports the ALJ's determination. *See Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001) (noting that substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion"); *see also Rogers*, 486 F.3d at 241; *Buxton,* 246 F.3d at 772 ("[F]indings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion."). An ALJ is not required to cite every piece of evidence in the record. *See Kornecky*, 167 F. App'x at 508. Further, ALJ Lowther notes throughout her decision that her determination was reached after consideration of the entire record. *See McDonald v. Astrue*, No. 11-1263, 2012 WL 2989935, at *7 (10th Cir. July 23, 2012) (quoting *Wall v. Astrue*, 561 F.3d 1048, 1070 (10th Cir. 2009) (noting the "well-established principle of taking [the] ALJ at his word when he indicates he considered all of the evidence")). In short, substantial evidence supports ALJ Lowther's rejection of Dr. Booker's functional limitations assessment and the ALJ's final determination that Rodriguez is not disabled.[3]

---

3   Rodriguez makes a cursory assertion that ALJ Lowther's credibility determination is in error. However, she makes no attempt to develop this argument. [Record No. 10-1, p. 4 ("The ALJ's determination on credibility fails for the same reason.")] Despite Rodriguez having waiving this argument by referencing it in such a perfunctory manner, the Court will address it briefly. *See McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997). ALJ Lowther found that the Claimant was generally credible regarding the nature of her impairments that were established by the medical evidence of the record. But she found Rodriguez not credible regarding her assertion that her combined impairments precluded her from all full-time work activities. [Tr., p. 26] The ALJ specifically found that the symptoms and limitations are "not as alleged and

### 2. Dr. Paul Ebben, Psy.D.

Rodriguez contends that ALJ Lowther failed to provide a factual basis for rejecting the critical functional determination of Dr. Ebben. [Record No. 10-1, p. 3] The Claimant argues that the ALJ erred by only focusing on Dr. Ebben's findings regarding her abilities to sustain attention and concentration, but omitting Dr. Ebben's findings concerning her inability to tolerate stress. [*Id.*, pp. 3-4, 7] Rodriguez concludes that the ALJ's failure to assess Dr. Ebben's opinions concerning the Claimant's ability to handle stress is a reversible error.

On December 8, 2008, consultative examiner and licensed clinical psychologist Dr. Ebben administered a mental status examination of the plaintiff. In part, Dr. Ebben found that the plaintiff had a "poor" ability to adapt and respond to pressures normally found in a daily work setting. [Tr., p. 286] Although ALJ Lowther did not specifically set forth her reasons for declining to rely on all of the opinions of Dr. Ebben, it was not in error because she was not required to do so. Social Security regulations require an ALJ to give "good reasons" for the weight accorded to the opinion of a claimant's *treating* physician. 20 C.F.R. § 416.927(c)(2); *see also Wilson*, 378 F.3d at 544. However, there is no such requirement for the opinions of examining medical sources. *Smith*, 482 F.3d at 876 (noting that the Social Security Administration "requires ALJs to give reasons for only *treating* sources" (emphasis in original)). In other words, ALJ Lowther "was under no special obligation" to provide a detailed discussion

---

are not supported by the objective medical evidence provided by the records of both treating and examining physicians." [*Id.*] As detailed above, this finding is supported by substantial evidence of the record. *See Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997) (noting that an ALJ's credibility determination must be supported by substantial evidence); *see also Buxton,* 246 F.3d at 773 (noting that an ALJ's determination regarding a claimant's credibility is entitled to a great amount of deference). Thus, Rodriguez's argument on this point fails.

of her reasoning behind the weight given to the examining sources. *Norris v. Comm'r of Soc. Sec.*, 461 F. App'x 433, 440 (6th Cir. 2012). Thus, the ALJ did not err when she "consider[ed] all the evidence without directly addressing in [her] written decision every piece of evidence submitted by a party." *Kornecky*, 167 F. App'x at 508 (internal quotation marks omitted).

Regardless, the above-stated analysis and the evidence of record also supports ALJ Lowther's rejection of Dr. Ebben's opinion that Rodriguez does not possess any useful ability to handle workplace stress. A majority of Dr. Ebben's findings are consistent with those of ALJ Lowther and support the ALJ's RFC assessment. For instance, Rodriguez informed Dr. Ebben that her "panic attacks" are "primarily triggered by being put in situations where she is required to be around a lot of people." [Tr., p. 281] When Dr. Ebben asked "for the reason she has not been able to maintain employment past one year, she said she has problems around people." [Tr., p. 282] Rodriguez, however, denied problems with coworkers or supervisors, and indicated that she could perform all chores around the house including mopping, sweeping, vacuuming, cooking, dishwashing, laundry, money management, dusting, and straightening, and that she is able to take care of her personal needs, such as driving, shopping, and taking care of her son. [Tr., pp. 282-83] The Claimant stated that she goes out to eat once or twice a week and visits her mother on a daily basis, although, she does not take trips or belong to any clubs or organizations. [Tr., p. 283]

Based upon these findings, Dr. Ebben concluded that Rodriguez had a "good" to "fair" ability to understand and follow instructions, sustain concentration and persist to complete tasks in a normal amount of time, interact with friends, coworkers, and supervisors, perform complex

functions, respond to rapid change, meet deadlines and quotas, communicate, problem-solve, and make decisions, as well as manage funds. [Tr., pp. 285-86] These findings are all generally consistent with those of ALJ Lowther. In fact, while Rodriguez claims that she is unable to handle general workplace stress, Dr. Ebben's findings indicate that the Claimant's issues with anxiety and panic attacks are triggered by being in public settings. ALJ Lowther specifically accounted for this finding in her RFC assessment by limiting the Claimant to nonpublic jobs. [Tr, p. 25] Based on these findings and the other evidence of the record, ALJ Lowther found Dr. Ebben's conclusions concerning Rodriguez's ability to adapt or respond to pressures normally found in a daily work setting as being "poor" to be inconsistent and unsupported by the record. She impliedly rejected Dr. Ebben's conclusions on this issue by declining to adopt the findings of Dr. Booker on the same issue, finding it to be inconsistent with other substantial evidence. The weight afforded to the opinions of Dr. Ebben was not only appropriate, but the ALJ's decision is also supported by substantial evidence.

### B. Compliance with 20 C.F.R. § 416.920a and SSR 85-15

Rodriguez contends that the Commissioner's unfavorable decision is in error because ALJ Lowther did not properly adhere to the evaluation process dictated by 20 C.F.R. § 416.920a and SSR 85-15. [Record No. 10-1, pp. 5-6] The Claimant's arguments on this issue, however, are misplaced. As outlined above, when evaluating an individual with a mental impairment, the regulations specify a particular technique for evaluating the severity of the mental impairments. 20 C.F.R. § 416.920a. This technique requires the ALJ to rate a claimant's degree of limitation in four functional areas: (1) activities of daily living; (2) social functioning; (3) concentration,

persistence, or pace; and (4) episodes of decompensation. 20 C.F.R. § 416.920a(c)(3)-(4). The degree of limitation in the functional areas is assessed by a five-point scale of none, mild, moderate, marked, and extreme. *Id.* The ALJ uses this special technique to determine the severity of any alleged mental impairment, and if a mental impairment is found to be severe but does not meet or equal a listed impairment, an assessment of the claimant's mental RFC is necessary. 20 C.F.R. § 416.920a; *see also Kornecky*, 167 F. App'x at 498-99.

Despite Rodriguez's assertions, ALJ Lowther followed the procedure as outlined in 20 C.F.R. § 416.920a. [Tr., pp. 24-25] The ALJ specifically found that "[t]he claimant has mild limitations in activities of daily living and moderate limitations in social functioning and maintaining concentration, persistence or pace," and that the Claimant "has not had repeated episodes of decompensation." [Tr., p. 24] After careful consideration of the entire record, ALJ Lowther found that Rodriguez "has the residual functional capacity to perform a full range of work at all exertional levels" but with the nonexertional limitations of being "restricted to simple repetitive tasks in low stress environments in a non public setting, *i.e.*, no fast paced work or production quotas." [Tr., p. 25]

Likewise, Rodriguez's contention that ALJ Lowther failed to make an individualized evaluation of her stress in accordance with SSR 85-15 is without merit. [Record No. 10-1, pp. 5-6] Social Security Ruling 85-15 recognizes that a claimant's ability to adapt to the demands or stress of the workplace is often very difficult to determine. SSR 85-15, 1985 WL 56857, at *5 (1985). A claimant's reaction to the demands of work is "highly individualized," and a mentally impaired person may have difficulty meeting the requirements of even "low-stress"

jobs. *Id.* at *6. ALJ Lowther, however, did not just limit Rodriguez to "low-stress" jobs, she also accounted for the Claimant's individualized difficulties by limiting Rodriguez to non-production jobs with simple repetitive tasks in a non-public setting. [Tr., pp. 25-26] Again, as set out above, and as indicated by ALJ Lowther, these findings are supported by substantial evidence, including the treatment record, reports of DDS medical consultants, and the consultative examiner, as well as the Claimant's overall activities. In summary, the ALJ complied with the requirements of SSR 85-15 by accounting for Rodriguez's individualized difficulties in the RFC assessment.[4]

### IV.

Although Rodriguez has established that she suffers from some medical impairments, she has not established that she is disabled as defined by the Social Security Act. After reviewing the record, the Court does not find the Claimant's arguments persuasive. The ALJ did not commit a reversible error, and her decision is supported by substantial evidence. Accordingly, it is hereby

**ORDERED** as follows:

(1) Plaintiff Diana M. Rodriguez's Motion for Summary Judgment [Record No. 10] is **DENIED**.

---

[4] The RFC determination is a matter reserved for the ALJ. *See* 20 C.F.R. § 416.927(e). The Sixth Circuit has recognized that "the ALJ is charged with the responsibility of evaluating the medical evidence and the claimant's testimony to form an assessment of the claimant's residual functional capacity." *Coldiron v. Comm'r of Soc. Sec'y*, 391 F. App'x 435, 439 (6th Cir. 2010) (internal quotation marks and citation omitted). An ALJ's RFC finding will be upheld where it is supported by substantial evidence. As set out above, the Court has concluded that the ALJ's RFC assessment is supported by substantial evidence.

(2)	Defendant Carolyn W. Colvin's Motion for Summary Judgment [Record No. 11] is **GRANTED**.

(3)	The administrative decision of the Defendant will be **AFFIRMED** by separate Judgment entered this date.

This 8th day of July, 2013.

Signed By:
*Danny C. Reeves* DCR
United States District Judge